# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

DATE 6/26/2015

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/26/2015 9:12:02 AM

CHRISTOPHER A. PRINE
Clerk

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT OF APPEALS**

**TO:** 1ST COURT OF APPEALS

**From:** **Deputy Clerk: MICHELLE LOPEZ**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:** 2011-04799

**VOLUME** _____ **PAGE** _____ **OR** **IMAGE #** 64869400

**DUE** 7/30/2015 **ATTORNEY** 17600500

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE** 1ST

**DATE JUDGMENT SIGNED:** 4/1/2015

**MOTION FOR NEW TRIAL DATE FILED** 4/30/2015

**REQUEST TRANSCRIPT DATE FILED** N/A

**NOTICE OF APPEAL DATE FILED** 6/24/2015

**NUMBER OF DAYS: ( CLERKS RECORD )** 120

**FILE ORDERED: YES** ☐ **NO** ☒ **IMAGED FILED: YES** ☒ **NO** ☐

**CODES FOR NOTICE OF APPEAL:** BC, C, OA

CHRIS DANIEL
Harris County, District Clerk

By: _/s/MICHELLE LOPEZ
**MICHELLE LOPEZ, Deputy**

BC     NOTICE OF APPEAL FILED
BG     NOTICE OF APPEAL FILED – GOVERNMENT
C     JUDGMENT BEING APPEALED
D -     ACCELERATED APPEAL
OA     NO CLERK'S RECORD REQUEST FILED
O     CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA     AMENDED NOTICE OF APPEAL

Cause No. 2011-04799

| | | |
|---|---|---|
| STAR ELECTRICITY, INC. d/b/a | § | IN THE DISTRICT COURT OF |
| STARTEX POWER, | § | |
| *Plaintiff* | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| | § | |
| MIKOB PROPERTIES, INC., ET AL. | § | 129TH JUDICIAL DISTRICT |

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that, pursuant to Tex. R. App. P. 25.1, 26.1(a)(1), Defendant, Mikob Properties, Inc., desires to appeal, and hereby files its Notice of Appeal, of the final judgment entered on April 1, 2015 in Cause No. 2011-04799; *Star Electricity, Inc. v. Mikob Properties, Inc.*; In the 129th Judicial District Court of Harris County, Texas. The appeal is to either the First or Fourteenth Court of Appeals. No related appeal or original proceeding has been previously filed in either the First or Fourteenth Court of Appeals.

Respectfully submitted,

**MARK A. SANDERS**, **P.C.**

By:  /s/ Mark A. Sanders
Mark A. Sanders
State Bar No. 17600500
11511 Katy Freeway, Suite 600A
Houston, Texas 77079
Telephone:    281-531-0902
Facsimile:    281-531-0908
Email: mark@msanderslaw.com

ATTORNEYS FOR DEFENDANT
MIKOB PROPERTIES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Appeal was forwarded to the following, in accordance with Texas Rules of Civil Procedure 21 and 21a on this 24th day of June, 2015:

Rodney L. Drinnon
Veronica Montemayor
MCCATHERN, PLLC
4544 Post Oak Place Drive, Suite 350
Houston, Texas 77027
Via E-File/Serve

/s/ Mark A. Sanders
Mark A. Sanders

3/30/2015 1:04:45 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4691754
By: PATTON, JONATHAN R
Filed: 3/30/2015 1:04:45 PM

Cause No. 2011-04799

| | | |
|---|---|---|
| STAR ELECTRICITY, INC. d/b/a STARTEX POWER | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MIKOB PROPERTIES, INC. | § | |
| | § | |
| *Defendants.* | § | 129th JUDICIAL DISTRICT |

## FINAL JUDGMENT

BE IT REMEMBERED that on February 23, 2015 came to be heard Plaintiff Star Electricity, Inc. d/b/a StarTex Power's ("Plaintiff") Traditional Motion for Partial Summary Judgment against Mikob Properties, Inc. ("Mikob"). Upon consideration of Plaintiff's Motion, Mikob's response to same, all applicable evidence and law, and the oral arguments of counsels, this Court found that the Motion should be, in all things, GRANTED, and entered an interlocutory summary judgment against Mikob in favor of Plaintiff. This Court hereby reaffirms its ruling on Plaintiff's Motion as a final judgment:

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff have and recover from Mikob a final judgment for:

1. $197,422.19 as the total principal amount due;

2. Pre-judgment interest on the specific amounts owed under each account, accruing from the respective date of breach for each until the date of judgment;

3. Attorney's fees in the amount of $38,782.50, plus:

    a. $10,000 in the event of an appeal by Defendant to the Court of Appeals,

    b. $5,000 in the event of an appeal by Defendant to the Supreme Court of Texas. and

4. Fees and costs of court in the amount of $1,961.36; and

4

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

5. Interest on the total amount of the judgment here rendered at the rate of 5.00% per annum from the date of the judgment until paid.

All costs of court spent or incurred in this cause are adjudged against the Mikob. All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary. All relief requested in this case and not expressly granted is denied.

This judgment supersedes all previous interlocutory orders in this matter, finally disposes of all claims and parties, and is appealable.

SIGNED: _April 1_, 2015.

_____
THE HONORABLE JUDGE PRESIDING

5

Cause No. 2011-04799

| | | |
|---|---|---|
| STAR ELECTRICITY, INC. d/b/a | § | IN THE DISTRICT COURT OF |
| STARTEX POWER, | § | |
| *Plaintiff* | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| | § | |
| | § | |
| MIKOB PROPERTIES, INC., ET AL. | § | 129TH JUDICIAL DISTRICT |

### DEFENDANT MIKOB PROPERTIES, INC.'S
### MOTION FOR NEW TRIAL

Mikob Properties, Inc. ("Mikob"), files this Motion for New Trial ("Motion"), and would respectfully show this Court as follows:

Mikob files this Motion in regard to the Final Judgment signed on April 1, 2015, which Judgment relates to the summary judgment granted in Startex's favor.

### A.    Procedural Background Germane to this Motion

Subsequent to the Court's entry of an interlocutory summary judgment in favor of Startex, Startex non-suited the defendants remaining in the case. Startex then filed a motion for entry of judgment, but before a hearing could be set by either party, the Court proceeded to sign the Judgment. Thus, Mikob was unable to raise some of the issues in this Motion before the interlocutory judgment became final. Mikob was unable to file a motion for leave to file late file a response before the judgment was signed. One of the main points that could have been brought to the Court's attention while the judgment was interlocutory is the issue that Startex failed to segregate its attorney's fees. Further, if the Court would have allowed a late filed response, the Declaration of Bennett Rowe, filed herewith, could have been considered while the summary judgment was still interlocutory.

1

B. **Startex Failed to Segregate its Attorney's Fees among the Numerous Defendants.**

Startex filed a total of four petitions in this case- the original petition and three amended petitions. Startex sued a combined total of *fifteen* defendants. After investigating the factual and legal claims against these defendants, Startex eventually non-suited, obtained default judgements or dropped all of the defendants except Mikob. Startex, in its attorney's fees affidavit makes the conclusory statement that the parties and facts are interrelated and inseparable so as to preclude segregation of fees. Obviously, Startex had to spend time and money to locate, sue, and then obtain default judgments against the Comunidad LLC's, and drop numerous parties who are totally unrelated to the contracts made the basis of the suit. Some of the defendants, such as those named in the first and second amended petitions are limited partnerships and their respective general partners that were the Comunidad LLC's predecessors in title with respect to the apartment complexes made the basis of the suit. That Startex pursued these claims against the Comunidad LLC entities all the way to default judgments contradicts the theory that Mikob was the responsible party under the contracts. To be sure, a plaintiff can pursue alternate theories of recovery, but at this stage, in segregating attorney's fees, Mikob should not bear the burden of all of the attorney's fees for divergent claims asserted against different parties. The attorney's fees expended in advancing the notion that Mikob is the party liable on these contracts is inconsistent with Startex's continued prosecution of its claims against the Comunidad LLC's. Startex's dropping the limited and general partnerships as defendants illustrates that Startex determined these defendants to have no evidentiary connection or value to the transactions in question. Further, Startex included as costs of court those funds expended chasing the unrelated parties and obtaining default judgments. These claims against the defaulted, dropped and non-suited parties are not based on the same facts and circumstances as alleged against Mikob. The prosecution or

2

defense relative to the myriad of former defendants herein does not entail the proof or denial of essentially the same facts as those asserted against Mikob with respect to the ruling of the Court that Mikob is liable on the contracts in question. None of the limited partnerships or their general partnerships were parties to these contracts. Startex chose to pursue a course of action resulting in multiple parties being liable for breach of the same contracts, but under different factual and legal theories.

Therefore, the attorney's fees and costs should be segregated. *See Stewart Title Guaranty Company v. Sterling*, 822 S.W.2d 1, 10-11 (Tex. 1991). The need to segregate fees is a question of law. *Id.* at 12; *Chapa v. Tony Gullo Motors*, 212 S.W.3d 299, 312 (Tex. 2006). In *Gullo*, the supreme court stated that even claims that are dependent on the same facts and circumstances does not mean they all required the same research, discovery, proof or legal expertise. *Gullo*, 212 S.W.3d at 313. The instant case contains discrete causes of action against different groups of defendants. Attorney's Fees are non-recoverable against defendants who were dropped and non-suited. The foregoing dovetails with the *Gullo* court's analysis of in claims where attorney's fees are recoverable versus being non-recoverable. Recoverable fees must be segregated in relation to claims where fees are recoverable. There is no evidence Startex segregated its fees as to those claims against Mikob where fees are recoverable.

In *Stewart Title Guaranty Company v. Sterling, supra*, the court noted that when a plaintiff seeks to recover attorney fees, the plaintiff is required to show that the fees were incurred while suing the defendant sought to be charged with the fees on a claim which allows for the recovery of such fees. When a plaintiff seeks to recover attorney fees where there are multiple defendants, and one or more of those defendants have been non-suited, the plaintiff must segregate the fees owed by the remaining defendants from those owed by the non-suited

3

defendants so that the remaining defendants are not charged fees for which they are not responsible. The same rule should apply here where Startex abandoned claims against defendants by dropping or non-suiting them or obtained default judgments against others.

C. **The Court should have considered the Previous Agreements with the Comunidad LLC's because the Contracts are Ambiguous.**

The contracts Startex offered as summary judgment evidence for Comunidad LLC's, namely, Harbortree, Stone Haven, Capital and Kensington II do not identify who the customer is for each particular contract. The general Terms and Conditions for each contract contain the following language:

**STARTEX POWER, LLP**
**ELECTRIC SERVICE AGREEMENT**
**TERMS AND CONDITIONS**

1. Term. The term of this Electric Service Agreement ("ESA") between StarTex Power ("STARTEX") and Customer, **as identified on the ESA Cover Sheet**, shall commence on the date of the first Transmission...."[1]

[Emphasis added]. Startex does not point to or identify the ESA Cover Sheet in any of its exhibits, affidavits or in the body of its motion. It is still a mystery and thus an ambiguity as to whom the customers are in these contracts. None of the documents in Exhibits G, I, K, M, and O identifies the location where one could discern either the customer's identity or the Cover Sheet where the customer supposedly can be found. The documents Startex relies upon to portray Mikob as the contracting party are not part of the clauses binding Mikob to the contract. The documentary evidence only confuses the matter further and buttresses the ambiguity defense.

The declaration of Bennett Rowe is filed with this Motion. Mr. Rowe was the broker whose actions resulted in the formation of the contracts. Aside from averring Mikob was the

---

[1] Exhibits G, I, K, M, and O to Startex's Motion for Summary Judgment.

4

known and disclosed property manager for the apartment complexes, Mr. Rowe states Startex had been aware of this fact during the relevant time periods. Summary judgment was not proper when there is evidence the disclosed principal is known to the plaintiff. Further, Startex did not plead novation to support the notion new contracts were made with Mikob.

## D. The Parol Evidence Rule does not Bar Proof of the Prior Agreements with the Comunidad LLC's

In its reply to Mikob's response to the motion for summary judgment, Startex asserts the parol evidence rule applies to bar separate and distinct prior contracts with the Comunidad LLC's and Oaks of Brittany, Ltd.

Despite the fact that four of the contracts submitted as summary judgment evidence clearly reflect they are renewals of previous contracts identified by Startex's contract numbers thereon, Startex argues they cannot be renewals because the terms of the new contracts differ from the old contracts. Startex does not cite any legal authority for this definition of "renewal." To renew a contract can mean to make over, begin again or keep the same contract in force and effect. There is no requirement that the old and new contracts mirror each other.[2]

In *Houston Exploration Co. v. Wellington Underwriting Agencies, Ltd.*, 352 S.W.3d 462, 469 (Tex. 2011), the Texas Supreme Court analyzed the parol evidence rule and stated the following:

"The parol evidence rule applies when parties have a valid, integrated written agreement, and precludes enforcement of prior or contemporaneous agreements. The rule does not prohibit consideration of surrounding circumstances that inform, rather than vary from or contradict, the contract text."[3]

---

[2] *American Surety Co. of New York State ex rel. Bale*, 277 S.W. 790, 793 (Tex. Civ. App.-Beaumont 1925). BLACK'S LAW DICTIONARY, Fifth Ed. at 1165 (1979).

5

Stated differently, if extrinsic evidence can aid in explaining a contract without variance or contradiction, it is admissible. The court also noted parol evidence may be used to interpret an ambiguous contract. The *Houston Exploration Co.* court appears to instruct that ambiguity is not a prerequisite to considering parol evidence. Nonetheless, the contracts are, at the very least ambiguous, and the contracts with the Comunidad LLC's should be sufficient to create a genuine fact issue.

### E. Mikob was a disclosed Agent acting for the Comunidad LLC's.

Bennett Rowe's affidavit is offered to show Startex was aware of the agency relationship between Mikob and the Comunidad LLC's. Mikob's summary judgment evidence shows contracts existed between Startex and the Comunidad LLC's, wherein it is specifically referenced in several places that Mikob is an agent. The same holds true for the preceding Oaks of Brittany agreement. There is a question of fact as to what role the documents signed by Mitch Kobernick play in the enforcement of the contracts, and in what capacity Mitch Kobernick signed the documents. These documents shed no light to aid in the identification of the "Customer" under the ESA Terms and Conditions set out above.

The court determines whether a contract is ambiguous as a matter of law. The judicial contract construction analysis is, as follows:

- Determine if the intent of the parties, as expressed in the writing, can be determined solely from the writing.
- If a party asserts ambiguity, the court resolves the issue of ambiguity by looking at the contract as a whole in light of the circumstances present when the contract

---

[3] *Id.* at 469

6

was entered.[4]

- If the parties disagree as to the meaning of the words in the contract, the court considers the wording of the instrument in light of the surrounding circumstances, and applies the pertinent rules of construction described in *City of Pinehurst v. Spooner Addition Water Co.*[5]

In this instance, should the Court determine the renewal Contracts are ambiguous, another fact question exists to warrant a new trial.

WHEREFORE, PREMISES CONSIDERED, Defendant, Mikob Properties, Inc., requests that the Court grant this Motion for New Trial; and, Defendant prays for all other and further relief to which it may be entitled.

Respectfully submitted,

**MARK A. SANDERS, P.C.**

By:    /s/ Mark A. Sanders
Mark A. Sanders
State Bar No. 17600500
11511 Katy Freeway, Suite 600A
Houston, Texas 77079
Telephone:    281-531-0902
Facsimile:    281-531-0908
Email: mark@msanderslaw.com

ATTORNEYS FOR DEFENDANT
MIKOB PROPERTIES, INC.

---

[4] *Coker v. Coker, infra* at 394. Although the cases do not say with certainty what "circumstances" are to be considered other than such circumstances are "simply an aid" in the construction of the language, it is clear oral statement of intent or the party's explanation of intent cannot be considered.

[5] *City of Pinehurst v. Spooner Water Addition Co.*, 432 S.W. 2d 515, 518 (Tex. 1964). In *Pinehurst*, the contract was not ambiguous, but the parties disagreed over the meaning of the term, the "then market value." The court moved to the next step of the analysis, and discussed in detail, the application of the rules of contract construction.

7

## DECLARATION OF MITCHELL KOBERNICK

As provided in Tex. Civ. Prac. & Rem. Code § 132.001, Mitchell Kobernick declares as follows:

1.     My name is Mitchell Kobernick. I am the President of Mikob Properties, Inc., a Texas corporation, the Defendant in the above entitled and numbered cause. I have read the within and foregoing Motion for New Trial and every statement of fact set forth therein is within my personal knowledge and is true and correct in all respects.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 30, 2015.

MITCHELL KOBERNICK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment was forwarded to the following, in accordance with Texas Rules of Civil Procedure 21 and 21a on this 30th day of April, 2015:

Rodney L. Drinnon
Veronica Montemayor
MCCATHERN, PLLC
4544 Post Oak Place Drive, Suite 350
Houston, Texas 77027
Via E-Serve

/s/ Mark A. Sanders
Mark A. Sanders

```
CASE NUM: 201104799__ PJN> __  TRANS NUM: _____ CURRENT COURT: 129 PUB? _
CASE TYPE: BREACH OF CONTRACT            CASE STATUS: CASE ON APPEAL
STYLE: STAR ELECTRICITY INC (DBA STARTEX VS MIKOB PROPERTIES INC
===============================================================================
                     **** INACTIVE PARTIES ****
  PJN  PER/CONN COC BAR        PERSON NAME               PTY   ASSOC. ATTY
  NUM   NUMBER                                           STAT
_    00027-0001 DEF 06383800 COMUNIDAD CORPORATION         D   EATON, MICHAE
_    00026-0001 DEF          COMUNIDAD STONEHAVEN, LLC      S
_    00025-0001 DEF          COMUNIDAD HARBORTREE, LLC      S
_    00024-0001 DEF 17600500 AMHERST MANAGEMENT, INC.       D   SANDERS, MARK
_    00023-0001 DEF 17600500 AMHERST PARTNERS, LTD.         D   SANDERS, MARK
_    00022-0001 DEF 17600500 HARBORTREE MANAGEMENT, INC BY  D   SANDERS, MARK
_    00021-0001 DEF 17600500 HARBORTREE APARTMENTS, LTD BY  D   SANDERS, MARK
_    00031-0001 AGT          COMUNIDAD CORPORATION BY SERVI D

==> (31) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.   5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JUC8H (NR4#)     JUSTICE INFORMATION MANAGEMENT SYSTEM       JUN 26, 2015(C1)
INT6510                   CIVIL CASE INTAKE              OPT: _____  -  INT
                        GENERAL PARTY INQUIRY            PAGE:   2  -    4

CASE NUM: 201104799__ PJN> __  TRANS NUM: _____ CURRENT COURT: 129 PUB? _
CASE TYPE: BREACH OF CONTRACT            CASE STATUS: CASE ON APPEAL
STYLE: STAR ELECTRICITY INC (DBA STARTEX VS MIKOB PROPERTIES INC
===============================================================================
                      **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME              PTY   ASSOC. ATTY
  NUM   NUMBER                                           STAT
_     00030-0001 AGT          COMUNIDAD STONEHAVEN LLC BY SE   D
_     00029-0001 AGT          AMHERST PARTNERS LTD BY SERVIN
_     00028-0001 AGT          AMHERST MANAGEMENT INC BY SERV
_     00020-0001 AGT          COMUNIDAD CAPITAL LLC (A TEXAS   D
_     00019-0001 AGT          OAKS OF BRITTANY MANAGEMENT IN
_     00018-0001 AGT          OAKS OF BRITTANY LTD (A TEXAS
_     00017-0001 AGT          COMUNIDAD HARBORTREE LLC (A TE   D
_     00016-0001 AGT          KCP MANAGEMENT L C (A TEXAS LI

==> (31) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JUC8H (NR4#)    JUSTICE INFORMATION MANAGEMENT SYSTEM      JUN 26, 2015(C1)
INT6510                     CIVIL CASE INTAKE             OPT: _____ - INT
                          GENERAL PARTY INQUIRY          PAGE:   3 -    4

CASE NUM: 201104799__ PJN> __  TRANS NUM: _____ CURRENT COURT: 129 PUB? _
CASE TYPE: BREACH OF CONTRACT            CASE STATUS: CASE ON APPEAL
STYLE: STAR ELECTRICITY INC (DBA STARTEX VS MIKOB PROPERTIES INC
==============================================================================
                      **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME              PTY    ASSOC. ATTY
  NUM    NUMBER                                           STAT
_    00015-0001 AGT         KENSINGTON CLUB PARTNERS LTD (
_    00014-0001 AGT         S HAVEN MANAGEMENT L C (A TEXA
_    00013-0001 AGT         S HAVEN PARTNERS LTD (A TEXAS
_    00012-0001 DEF         COMUNIDAD CAPITAL LLC          S
_    00011-0001 DEF 17600500 OAKS OF BRITTANY MANAGEMENT IN  D   SANDERS, MARK
_    00010-0001 DEF 17600500 OAKS OF BRITTANY LTD           D   SANDERS, MARK
_    00009-0001 DEF         COMUNIDAD HARBORTREE LLC       S
_    00008-0001 DEF 17600500 KCP MANAGEMENT L C             D  SANDERS, MARK

==> (31) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

CASE NUM: 201104799__ PJN> __  TRANS NUM: _____ CURRENT COURT: 129 PUB? _
CASE TYPE: BREACH OF CONTRACT            CASE STATUS: CASE ON APPEAL
STYLE: STAR ELECTRICITY INC (DBA STARTEX VS MIKOB PROPERTIES INC
==============================================================================
                    **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME              PTY   ASSOC. ATTY
  NUM    NUMBER                                          STAT
_    00007-0001 DEF 17600500 KENDSINGTON CLUB PARTNERS LTD     SANDERS, MARK
_    00006-0001 DEF 17600500 S HAVEN MANAGEMENT L C        D   SANDERS, MARK
_    00005-0001 DEF 17600500 S HAVEN PARTNERS LTD          D   SANDERS, MARK
_    00004-0001 AGT          MIKOB PROPERTIES INC BY SERVIN
_    00003-0001 PLT 24069823 STARTEX POWER                     GREEN, ANDREW
_    00002-0001 DEF 17600500 MIKOB PROPERTIES INC              SANDERS, MARK
_    00001-0001 PLT 24047841 STAR ELECTRICITY INC (DBA STAR    DRINNON, RODN


==> (31) CONNECTION(S) FOUND
1=ACTIVE     2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.  7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP